IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| INTERVEST-MORTGAGE INVESTMENT COMPANY, | CV 10-25-M-DWM-JCL |
| Plaintiff, | |
| vs. | FINDINGS & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| CANYON HOLDINGS, LLC, a Delaware limited liability company, | |
| Defendant. | |

_____

Plaintiff Intervest-Mortgage Investment Company ("Intervest") commenced this judicial foreclosure action against Defendant Canyon Holdings, LLC ("Canyon Holdings") with respect to a loan transaction secured by real property in Missoula, Montana. Intervest's Complaint alleges this Court's jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) which requires that the action be between "citizens of different States."

Canyon Holdings filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) requesting dismissal for lack of jurisdiction. It argues diversity of citizenship does not exist between Intervest and Canyon Holdings.

1

Canyon Holdings presents its motion as a substantive challenge to the facts underlying Intervest's diversity allegations. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual challenge the Court may review evidence beyond the complaint, and the plaintiff "must furnish affidavits or other evidence necessary to satisfy its burden of establishing" jurisdiction. *Id*. The plaintiff bears the burden of proving jurisdiction exists in response to a defendant's challenge to jurisdiction under Fed R. Civ. P. 12(b)(1). *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).

As a limited liability company, Canyon Holdings is a citizen of any state of which its members are citizen. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The sole member of Canyon Holdings is Derek Stebner who contends he is a citizen of Washington. Intervest, however, argues Stebner is a citizen of Arizona.

To establish citizenship a party must "(a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A person is domiciled in a location where the person has a physical residence together with an intent to remain there permanently or indefinitely. *Id*. at 749-50. The existence of domicile is determined as of the time the lawsuit is filed. *Id*.

To determine a person's domicile the courts consider a number of factors including:

> current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes.

*Lew*, 797 F.2d at 750.  The courts primarily rely on these objective factors to determine domicile, and a person's statement of intent is given little weight when it conflicts with other facts.  *Id.*

Intervest relies, in part, on Stebner's testimony set forth in an affidavit he signed June 24, 2003.  In that affidavit Stebner stated "I have significant business dealings in Arizona and moved permanently to Phoenix in January of 2003."  Dkt. 19-5 at 3.

Although Canyon Holdings asserts Stebner is now a citizen of Washington, legally there exists a presumption in favor of an established domicile against a newly acquired one, and the presumption shifts the burden of production to Canyon Holdings requiring it to produce evidence to substantiate its claim that Stebner changed his domicile to Washington.  *Lew*, 797 F.2d at 751.  For the reasons stated below, Canyon Holdings has met its burden of production, and Intervest has failed to satisfy its burden of proof with respect to its effort to

establish that Stebner is a citizen of Arizona.

On August 25, 2010, the Court held a hearing on Canyon Holdings' Motion to Dismiss and Stebner testified at the hearing.  The record reflects that Stebner has no voting history indicating his domicile because he has apparently not voted in the last 10 years.  As to personal income tax, he has never paid taxes in Washington because Washington does not impose income tax on its citizens.  Also, although Stebner testified that his personal residence in Bellingham, Washington is his permanent home for the indefinite, foreseeable future, his testimony is given little weight.  Dkt. 31 at 9-10.

Despite the absence of evidence with respect to voting and taxes, and the minimal weight given to Stebner's statement of intent, Stebner's testimony and the evidence of record convinces the Court that Stebner is domiciled in Washington. Stebner has had a Washington drivers' license since he first began driving.  And he has never had an Arizona license.  Stebner has been and remains a licensed real estate broker in Washington.  And he has no similar license in Arizona.  Although Stebner has a personal residence in Arizona and he spends a significant amount of time in Arizona, he also has a personal residence in Washington at which he spends a significant amount of time.  Stebner's minor children and parents, with whom he spends considerable time, live in Washington.  Also, although Stebner

has a motor vehicle registered in Arizona, he owns four vehicles registered in Washington. Stebner testified that he has active businesses and business bank accounts in Arizona, but he also testified he has active businesses and 11 or more business and personal bank accounts in Washington.

The preponderance of the evidences demonstrates that Stebner is domiciled in the State of Washington. The evidence reflects "the confluence of (a) [Stebner's] physical presence [in Washington] with (b) [his] intention to remain there indefinitely." *Lew*, 797 F.2d at 750. Additionally, even accepting that Stebner was domiciled in Arizona in 2003, the evidence with respect to the objective factors establishes that Stebner had become domiciled in Washington by the time Intervest filed this lawsuit. Intervest has not offered any other evidence as to any of the objective factors identified in *Lew* to sustain its burden of proof to establish that Stebner is domiciled in Arizona.

As a corporate entity, Intervest is deemed a citizen of Washington where it has its principal place of business. Dkt. 1 at 1; 28 U.S.C. § 1332(c)(1). Since Stebner is also a citizen of Washington, and the sole member of Canyon Holdings, Canyon Holdings is deemed to be a citizen of Washington. Thus, diversity of citizenship is lacking in this case, and the case must be dismissed. *See Allstate Insurance Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004).

THEREFORE, IT IS HEREBY RECOMMENDED that Canyon Holdings' Motion to Dismiss be GRANTED.

DATED this 26th day of August, 2010.

      /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge